IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ADRIENNE DEFLORIO, | Case No. 6:25-cv-01189-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

MCSHANE, Judge:

Self-represented Plaintiff, Adrienne DeFlorio, seeks leave to proceed *in forma pauperis* ("IFP") in this action against the United States of America. *See* Pl.'s Compl., ECF No. 1; Pl.'s IFP Appl., ECF No. 2. Although the Court finds that Plaintiff's financial status renders her eligible to proceed IFP, her Complaint does not state a valid legal claim. Therefore, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED but her Complaint, ECF No. 1, is DISMISSED, as explained below.

## **LEGAL STANDARD**

This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To authorize a litigant to proceed IFP, a court must make two determinations. First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, pursuant to § 1915(e)(2)(B), the court must screen the complaint to determine whether the plaintiff has raised a cognizable legal claim.

*See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "[T]he court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Pleadings by self-represented parties are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, courts should construe pleadings by self-represented plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "[U]nless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment,'" leave to amend the complaint should be given. *Id.* (original citations omitted).

## DISCUSSION

Here, the Court is satisfied with Plaintiff's showing of indigency. However, her Complaint fails to state a legal claim on which relief may be granted.

To survive an assessment under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts alleged must constitute "more than a sheer possibility that a defendant acted unlawfully." *Id*. Although the court must take the allegations contained in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Twombly*, 550 U.S. at 555).

Plaintiff submitted this Division's standard *pro se* civil complaint form, but she neglected to complete each section. Consequently, the Court lacks sufficient information to allow the matter to proceed. As individual Defendants, the Complaint names current and former presidents, all listed as currently living in the White House: Donald Trump, Joe Biden, Barack Obama, and George Bush. Compl. 1. Under "cause of action," Plaintiff states: "Negligence, obstruction of justice, failure to prevent corruption and state sponsored terrorism. All of the above were used to allow rape and other crimes." Compl. Ex. 1, at 1. Beyond those statements, the Complaint lacks any factual allegations or clearly articulated claims for relief. Plaintiff left blank this Court's basis for jurisdiction, she did not provide a statement of claim, and she did not include any information regarding what she seeks as relief. Compl. 4–5. Lacking any factual allegations from which the Court could possibly infer that Defendants were liable for harm to Plaintiff, the Court must dismiss the Complaint. Further, given the lack of actionable substance in the Complaint, any attempt at amending appears to be futile. The Court therefore dismisses Plaintiff's Complaint with prejudice and without leave to amend.

## CONCLUSION

For the reasons stated above, Plaintiff's IFP Application, ECF No. 2, is GRANTED, but Plaintiff's Complaint, ECF No. 1, is DISMISSED with prejudice and without leave to amend. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is correspondingly DENIED.

IT IS SO ORDERED.

DATED this 14th day of July 2025.

                                                                               ____s/Michael J. McShane_____
                                                                                       Michael McShane
                                                                      United States District Judge